Gregory S. Dovel (Cal. Bar No. 135387)
Simon Franzini (Cal. Bar No. 287631)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff FlexStent, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLEXSTENT, LLC, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, an Illinois Corporation,<br><br>ABBOTT VASCULAR, INC., a Delaware Corporation,<br><br>ABBOTT CARDIOVASCULAR SYSTEMS, INC., a California Corporation,<br><br>ABBOTT VASCULAR SOLUTIONS INC., an Indiana Corporation,<br><br>Defendants. | Case No. 5:18-cv-02479<br><br>**Patent Infringement Complaint**<br><br>**Demand for Jury Trial** |

**Complaint for Patent Infringement**

Plaintiff FlexStent, LLC (“FlexStent”) files this complaint against Defendants Abbot Laboratories, Abbott Vascular, Inc., Abbott Cardiovascular Systems, Inc., and Abbott Vascular Solutions Inc., alleging infringement of U.S. Patent No. 6,187,035. The accused products are Abbott coronary stents, including stents in the “Xience” line of drug-eluting stents.

**Plaintiff FlexStent and the asserted patent.**

1. Plaintiff FlexStent, LLC is a limited liability company organized and existing under the laws of the State of California.

2. FlexStent is the owner of U.S. Patent No. 6,187,035 entitled “Vascular Stent,” which issued on February 13, 2001, with 3 claims. Defendants have known of the ’035 patent since at least May 25, 2015, when Defendants were notified that they infringed the ’035 Patent. A copy of the ’035 patent is attached to this complaint as Exhibit 1.

**Defendants and the accused products.**

3. Defendant Abbott Laboratories is an Illinois Corporation. According to Abbott Laboratories’ website, Abbott Laboratories has a significant presence in California, including in Temecula, California. Defendant Abbott Vascular, Inc. is a Delaware Corporation with a principal place of business in California and a place of business in Temecula, California. Defendant Abbott Cardiovascular Systems, Inc. (formerly known as Advanced Cardiovascular Systems, Inc.) is a California Corporation with a principal place of business in California and a place of business in Temecula, California. Abbott Vascular Solutions Inc. (formerly known as Guidant Endovascular Solutions, Inc.) is an Indiana Corporation with a principal business office in California and a place of business in Temecula, California. This complaint refers to the Defendants collectively as “Abbott.”

4. Each Defendant has made, offered for sale, sold, and/or used coronary stents that infringe the ’035 patent. These stents include stents that are part of the “Xience” line of drug-eluting stents.

5. Defendants are jointly and severally liable for infringing the ’035 patent. Defendants’ liability arises out of the same transaction, occurrence or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale and selling the same infringing stents, and inducing third parties to do the same. In addition, as a result, this action involves questions of law and fact that are common to all Defendants.

**Nature of the action, jurisdiction, and venue.**

6. FlexStent asserts claims for patent infringement against Defendants under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over FlexStent’s patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendants. Each Defendant has committed acts of infringement in this district, including manufacturing, offering to sell, selling, and/or using infringing devices in this district.

8. Venue is proper in this district under 28 U.S.C. §1400(b). Defendants have committed acts of infringement in this district and have several established places of business in this district, including offices and manufacturing facilities at various addresses in Temecula, CA, including at 42301 Zevo Dr., Temecula, CA 92590; 26531 Ynez Rd., Temecula, CA 92591; and 41888 Motor Car Pkwy, Temecula, CA 92591.

9. These locations are regular and established places of business of Defendants for purposes of §1400(b) because each (i) is a physical place in the Central District of California (each consisting of a building or a part of a building from which business is conducted); (ii) operates the business of Defendants (e.g., the manufacturing and sale of infringing stents) in a regular, steady, uniform, orderly, settled, fixed, and permanent manner; and (iii) is owned or leased by Defendants and/or has been ratified by Defendants as a place of business.

**Claim for Patent Infringement**

10. FlexStent incorporates by reference each of the allegations in paragraphs 1-9 above and further alleges as follows:

11. On February 13, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6,187,035, entitled "Vascular Stent." Ex. 1.

12. FlexStent is the owner of the '035 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

13. Each claim of the '035 patent is valid, enforceable, and patent-eligible.

Direct infringement.

14. Defendants have directly infringed the claims of the '035 patent by making, using, offering to sell, and selling the accused products. An example way that an example infringing product (the Medium XIENCE PRIME vascular stent) infringes independent claim 1 is provided below.

**"*A vascular stent which comprises:*"**

- Each Medium XIENCE PRIME is a vascular stent meeting the requirements of claim 1. An exemplary device description for the XIENCE PRIME is shown below:

***"vertical branches whose width and thickness range 0.09 to 0.12 mm and 0.08 to 0.12 mm, respectively,"***

**Medium XIENCE PRIME Stent**



| | |
|---|---|
| Expansion | Balloon Expandable |
| Material | L-605 Cobalt-Chromium (CoCr) alloy |
| Expansion Diameters (mm) | 3.5 and 4.0 (post dilated to 4.5) |
| Lengths (mm) | 8, 12, 15, 18, 23, 28, 33 and 38 |
| Metal to Artery Ratio (M:A) | 13% at 4.0 mm expansion |
| Number of Crests per Ring | 9 |
| Number of Links per Ring | 3 |
| Middle Ring Strut Width (inch) | 0.0040 for bar arms<br>0.0040 for U crests, LC, SC<br>0.0039 - 0.0040 for W crests<br>0.0030 for links |
| Strut Thickness (inch) | 0.0032 |

- Each Medium XIENCE PRIME vascular stent comprises vertical branches (depicted above) that have a width of approximately 0.0039-0.0040 inches (0.09906-0.1016 mm) and a thickness of approximately 0.0032 inches (0.08128 mm). *See* device description above.

***"and horizontal branches having wave form projections, whose width and thickness range 0.05 to 0.08 mm and 0.08 to 0.12 mm, respectively."***

- Each Medium XIENCE PRIME vascular stent comprises horizontal branches having wave form projections (pictured in the device description). *See* device description above. These horizontal branches have a width of approximately

0.0030 inches (0.0762 mm) and a thickness of approximately 0.0032 inches (0.08128 mm).

Indirect infringement.

15. Defendants have also indirectly infringed the ’035 patent.

16. Defendants have actively induced third parties to infringe the ’035 patent.

17. Defendants offered to sell and sold their accused products. In doing so, Defendants encouraged resellers and users of the accused products (for example hospitals, doctors, and patients) to offer to sell, sell, and use stents that infringe the ’035 patent as shown above.

18. In addition, Defendants expressly encouraged resellers and users (for example hospitals, doctors, and patients) to offer to sell, sell, and use their infringing stents through their marketing materials. For example:




https://www.xiencestent.com/.




https://www.xiencestent.com/science/xience-stent-moa/.

19. In addition, Defendants' employees and representatives encouraged and instructed resellers and users (for example hospitals and doctors) to offer to sell, sell, and use the accused products.

20. Furthermore, Defendants knew or were willfully blind to the fact that their users and resellers' actions in response to such encouragement and instruction would infringe the '035 patent.

21. Indeed, Defendants were aware of the '035 patent since at least May 25, 2015. On that date, a prior owner of the patent sent a letter to Abbott Laboratories and Abbott Vascular, Inc. informing them of the '035 patent. In addition, the prior owner informed them that "Abbott has been infringing the Portfolio, including the '035 Patent, by making, using, selling, offering for sale and/or importing, for example, the Xience family of stent systems." The prior owner also provided additional materials to Defendants' representatives demonstrating infringement of the patent, and

corresponded and met with Defendants' representatives regarding Defendants' infringement of the patents. As a result, Defendants knew and understood that offering to sell, selling, and using their accused products, including according to their encouragement and instructions, would infringe the '035 patent.

22. Based on the foregoing, Defendants knew that their resellers and end users' offering for sale, selling, and using of the accused products would infringe the '035 patent, or alternatively were aware that there was a high probability that this would infringe and took deliberate actions to avoid confirming this.

23. As a result, Defendants have indirectly infringed the '035 patent, both by inducing their resellers and end users to offer to sell, sell, and use its accused products, and by knowing or being willfully blind to the fact that such actions would infringe the '035 patent.

Willful infringement.

24. Defendants' infringement of the '035 patent has been knowing, willful, and egregious.

25. For the reasons stated in paragraphs 21-22 above, Defendants knew that their accused products infringed the '035 patent, or alternatively took deliberate steps to avoiding confirming this and were therefore willfully blind to these facts. FlexStent incorporates by reference each of the allegations in these paragraphs.

26. FlexStent has been damaged by Defendants' infringement of the '035 patent and is entitled to reasonable royalty damages and enhanced damages due to Defendants' willful infringement.

**Jury demand.**

27. FlexStent demands trial by jury of all issues.

**Relief requested.**

FlexStent prays for the following relief:

A. A judgment in favor of FlexStent that Defendants have infringed the asserted '035 patent and that the patent is valid, enforceable, and patent-eligible;

B. A judgment and order requiring Defendants to pay FlexStent compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patent, as provided under 35 U.S.C. § 284;

C. A judgment that Defendants have willfully infringed the ’035 patent and that FlexStent is entitled to enhanced damages as a result of such willful infringement.

D. A finding that this case is exceptional under 35 U.S.C. § 285, at minimum due to Defendants’ willful infringement, and an award of FlexStent’s reasonable attorney’s fees and costs; and

E. Any and all other relief to which FlexStent may be entitled.

Dated: November 26, 2018

Respectfully submitted,

By: */s/ Gregory Dovel*

Gregory S. Dovel (Cal. Bar No. 135387)
greg@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff FlexStent, LLC*