LATHAM & WATKINS LLP
Michael A. Morin (*admitted pro hac vice*)
*michael.morin@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

Thomas W. Yeh (CA Bar No. 287118)
*thomas.yeh@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

S. Giri Pathmanaban (CA Bar No. 284802)
*giri.pathmanaban@lw.com*
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600
Fax: (650) 463-2600

Allison Harms (CA Bar No. 299214)
*allison.harms@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLEXSTENT, LLC<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, et al.<br><br>Defendants. | No. 5:18-cv-02479-RGK-KK<br><br>**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Abbott Laboratories ("Abbott Labs") and Abbott Cardiovascular Systems, Inc. ("ACS") (collectively, "Abbott") hereby submit this Answer, these Affirmative Defenses, and these Counterclaims in response to the Complaint filed by FlexStent, LLC ("FlexStent"). Except as expressly admitted below, Abbott denies each and every allegation of the Complaint.

**Plaintiff FlexStent and the Asserted Patent**[1]

1. Abbott lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2. Abbott admits that Exhibit 1 purports to be a copy of U.S. Patent No. 6,187,035 (the "'035 patent") entitled "Vascular Stent," which bears an issuance date of February 13, 2001, with three claims. Abbott admits that it received a letter dated May 25, 2015 from WiAV Solutions, identifying the '035 patent. Abbott denies that it infringes, or that it had any actual knowledge of infringement of the '035 patent, whether before the filing of the Complaint or after. Abbott denies the remaining allegations of paragraph 2.

**Defendants and the Accused Products**

3. Abbott admits that Abbott Labs is an Illinois Corporation. Abbott admits that ACS was formerly known as Advanced Cardiovascular Systems, Inc., and that it is a California Corporation. Abbott admits that Abbott Vascular Inc. is a Delaware Corporation, and Abbott Vascular Solutions Inc. is an Indiana Corporation.[2] Abbott further admits that Abbott Labs and ACS have places of business in California, and ACS has a place of business in Temecula, California. Abbott denies the remaining allegations of paragraph 3.

[1] Abbott repeats the headings of FlexStent's Complaint for the Court's convenience, without adopting them for their substance. Abbott denies any allegations contained in any non-numbered headings or sub-headings of the Complaint.

[2] Through stipulation, Abbott Vascular Inc. and Abbott Vascular Solutions Inc. were voluntarily dismissed from this action on February 20, 2019. Dkt. 40.

4. Abbott admits that coronary stents have been made, used, sold, or offered for sale, including various types of drug-eluting coronary stents marketed under the name "XIENCE." Abbott denies that such products infringe any claim of the '035 patent. Abbott denies the remaining allegations of paragraph 4.

5. Abbott denies that any of its stents infringe any claim of the '035 patent and that Abbott has committed any acts of infringement, and therefore denies paragraph 5.

**Nature of the Action, Jurisdiction, and Venue**

6. Paragraph 6 contains legal conclusions to which no answer is required.

7. Abbott denies that it has committed any acts of infringement, in this district or otherwise. The remainder of paragraph 7 contains legal conclusions to which no answer is required.

8. Abbott denies that it has committed any acts of infringement, in this district or otherwise. Abbott admits that ACS owns or leases the facilities at 42301 Zevo Dr., Temecula, CA 92590; 26531 Ynez Rd., Temecula, CA 92591; and 41888 Motor Car Pkwy, Temecula, CA 92591. The remainder of paragraph 8 contains legal conclusions to which no answer is required.

9. Abbott denies that it has committed any acts of infringement, in this district or otherwise. The remainder of paragraph 9 contains legal conclusions to which no answer is required.

**Claim for Patent Infringement**

10. Abbott restates and incorporates by reference the preceding paragraphs 1-9 as if fully set forth herein.

11. Abbott admits that the '035 patent, entitled "Vascular Stent," bears an issuance date of February 13, 2001. Abbott admits that Exhibit 1 purports to be a copy of the '035 patent.

12. Abbott lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13. Denied.

Direct Infringement

14. Abbott admits that the Medium XIENCE PRIME vascular stent has been made, used, sold, or offered for sale. Abbott denies that the Medium XIENCE PRIME vascular stent infringes any claim of the '035 patent. Abbott denies the remaining allegations of paragraph 14.

Indirect Infringement

15. Denied.

16. Denied.

17. Abbott admits that coronary stents have been used, sold, or offered for sale, including various types of drug-eluting coronary stents marketed under the name "XIENCE." Abbott denies that such products infringe any claim of the '035 patent. Abbott denies the remaining allegations of paragraph 17.

18. Abbott denies that its coronary stents, including its various types of drug-eluting coronary stents marketed under the name "XIENCE," infringe any claim of the '035 patent. Abbott admits that the images in paragraph 18 purport to be from the referenced websites. Abbott denies the remainder of paragraph 18.

19. Denied.

20. Denied.

21. Abbott admits that it received a letter dated May 25, 2015 from WiAV Solutions, who purported to represent the prior alleged owner of the '035 patent, and that paragraph 21 quotes portions of that letter. Abbott denies the portions of paragraph 21 that purport to summarize or characterize that letter, which speaks for itself. Abbott admits that Abbott met with representatives from WiAV Solutions in 2015 to discuss the invalidity and non-infringement of the '035 patent. Abbott subsequently heard

nothing at all from WiAV Solutions. Abbott denies the remaining allegations of paragraph 21.

22. Denied.

23. Denied.

Willful Infringement

24. Denied.

25. Abbott restates and incorporates by reference paragraphs 21 and 22 as if fully set forth herein. Abbott denies the remaining allegations of paragraph 25.

26. Denied.

## Jury Demand

27. To the extent an answer is required, Abbott admits that FlexStent purports to demand a trial by jury for all issues.

## Relief Requested

28. Abbott denies that FlexStent is entitled to any relief in this action.

## Affirmative Defenses

29. Abbott asserts the following defenses without assuming any burden that Abbott would not have otherwise, including without admitting or acknowledging that it bears the burden of proof as to any of them.

## FIRST AFFIRMATIVE DEFENSE

**(Non-Infringement)**

30. Abbott does not infringe and has not infringed any claim of the ’035 patent, whether directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

31. The claims of the ’035 patent are invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 102, 103, 112, and 116.

**THIRD AFFIRMATIVE DEFENSE**

**(Standing)**

32. On information and belief, FlexStent lacks standing to assert the ’035 patent.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Join)**

33. On information and belief, FlexStent has failed to name or join an indispensable party or parties to the present action, including certain persons or entities who may have an ownership interest in the ’035 patent.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver/Estoppel/Acquiescence)**

34. FlexStent’s requested relief is barred, in whole or in part, by the doctrine of waiver, estoppel, and/or acquiescence, including, but not limited to, the doctrine of prosecution history estoppel arising from the patentee’s actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the ’035 patent.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mark)**

35. FlexStent’s claims are barred in whole or in part by a failure of the owner and/or licensee of the ’035 patent to mark relevant products as required by 35 U.S.C. § 287.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Limitation on Recovery of Fees and Costs)**

36. FlexStent is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Implied License and Equitable Estoppel)**

37. FlexStent's claims are barred, in whole or in part, by the doctrine of implied license and/or equitable estoppel.

**NINTH AFFIRMATIVE DEFENSE**

**(Extraterritoriality)**

38. To the extent that FlexStent's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

**TENTH AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

39. FlexStent is not entitled to seek enhanced damages or attorneys' fees for willful infringement because Abbott has not acted in an egregious manner or with willful misconduct.

**OTHER AFFIRMATIVE DEFENSES RESERVED**

40. Abbott hereby reserves the right to assert additional defenses if such defenses are discovered during litigation.

**COUNTERCLAIMS**

Without waiver of any rights, Abbott Labs and ACS (collectively "Abbott"), for their Counterclaims against FlexStent and upon information and belief allege as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment.

2. Abbott brings this action for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,187,035 pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2202-02 and the Patent Laws of the United States, 35 U.S.C. §§ 100 et seq.

## PARTIES

3. Abbott Labs is an Illinois Corporation with its principal place of business in Abbott Park, Illinois.

4. ACS is a California Corporation with its principal place of business in Santa Clara, California.

5. FlexStent is a California Corporation.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over these Counterclaims for a declaratory judgment under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and/or 2202.

7. FlexStent has submitted to the personal jurisdiction of this Court by bringing this action for patent infringement.

8. Venue as to these counterclaims is proper in this judicial district. By filing its Complaint in this District, FlexStent has waived any objection to venue over these Counterclaims. Moreover, venue is proper because FlexStent is a California Corporation and has its principal place of business in this District at 11801 Pierce St. Ste 200, Riverside, CA 92505, and thus resides in this District.

## FACTUAL BACKGROUND

9. Abbott restates and incorporates by reference the allegations in paragraphs 29 through 40 above (Defenses) as if set forth fully herein.

10. In May 2015, WiAV Solutions, sent a letter to Abbott regarding the ’035 patent. Under Rule 408, Abbott met with representatives from WiAV Solutions in 2015 to discuss WiAV Solutions’s assertion and the question of invalidity as to the ’035

patent. After those discussions, WiAV Solutions never contacted Abbott regarding the ’035 patent again or took any other action relating to Abbott.

11. On November 26, 2018, FlexStent, the alleged new owner of the ’035 patent, filed this suit for patent infringement against Abbott.

12. In its Complaint, FlexStent asserts that Abbott has infringed at least one claim of the ’035 patent.

13. The ’035 patent is invalid and/or not infringed by Abbott, directly or indirectly.

14. An actual controversy has arisen and now exists between Abbott and FlexStent as to the non-infringement and invalidity of the ’035 patent.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the ’035 patent)**

15. Abbott repeats and alleges paragraphs 1 through 14 of these Counterclaims as if fully set forth herein.

16. In its Complaint, FlexStent alleges that Abbott infringes one or more claims of the ’035 patent.

17. As a result of FlexStent’s allegations against Abbott, an actual controversy exists as to infringement of the ’035 patent.

18. Abbott does not and has not infringed any claim of the ’035 patent, whether directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the ’035 patent)**

19. Abbott repeats and alleges paragraphs 1 through 14 of these Counterclaims as if fully set forth herein.

20. In its Complaint, FlexStent alleges that Abbott infringes one or more claims of the ’035 patent.

21. As a result of FlexStent's allegations against Abbott, an actual controversy exists as to the invalidity of the '035 patent.

22. The claims of the '035 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 102, 103, 112, and 116. By way of example, European Patent No. 0 669 114 A1 to Fischell, et al., alone or in combination with other prior art and/or the knowledge of a person of ordinary skill in the art, renders obvious the claims of the '035 patent, including claim 1.

23. A judicial declaration is necessary and appropriate so that Abbott may ascertain its rights regarding the '035 patent.

## PRAYER FOR RELIEF

Wherefore, Abbott requests that the Court enter judgment in its favor and against FlexStent as follows:

A. Judgment that FlexStent takes nothing;

B. Declaratory judgment that Abbott does not infringe, whether directly or indirectly, literally or by the doctrine of equivalents, any claim of the '035 patent;

C. Declaratory judgment that the claims of the '035 patent are invalid;

D. Judgment that this is an exceptional case under 35 U.S.C. § 285, and awarding Abbott its reasonable attorneys' fees;

E. Judgment of dismissal of all of FlexStent's claims against Abbott in their entirety and with prejudice;

F. Judgment awarding costs of suit; and

G. Such further relief as the Court may deem just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Abbott demands a jury trial on all issues so triable.

Dated: March 27, 2019

Respectfully submitted,

LATHAM & WATKINS LLP

By: *<u>/s/ S. Giri Pathmanaban</u>*

Thomas W. Yeh (CA Bar No. 287118)
*thomas.yeh@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

Michael A. Morin (*pro hac vice*)
*michael.morin@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

S. Giri Pathmanaban (CA Bar No. 284802)
*giri.pathmanaban@lw.com*
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600
Fax: (650) 463-2600

Allison Harms (CA Bar No. 299214)
*allison.harms@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095

*Attorneys for Defendants*