Gregory S. Dovel (Cal. Bar No. 135387)
Simon Franzini (Cal. Bar No. 287631)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff FlexStent, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLEXSTENT, LLC, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, an Illinois Corporation, et al.,<br><br>Defendants. | Case No. 5:18-cv-02479<br><br>**Plaintiff FlexStent's Answer to Defendants' Counterclaims.**<br><br>**Demand for Jury Trial.** |

Plaintiff FlexStent, LLC ("FlexStent") answers Defendants Abbott Laboratories ("Abbott Labs") and Abbott Cardiovascular Systems, Inc.'s ("ACS") (collectively, "Abbott") counterclaims as follows. The numbering of the paragraphs in this document corresponds to the numbering of the paragraphs in Abbott's counterclaims. Each allegation set forth in Abbott's counterclaims that is not specifically admitted below is specifically denied.

## **Counterclaims**

### Nature of the Action

1. FlexStent admits that Abbott's counterclaims seek a declaratory judgment.

2. FlexStent admits that Abbott's counterclaims seek a declaratory judgment of non-infringement and invalidity of U.S. Patent 6,187,035 pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2202-02 and the Patent Laws of the United States, 35 U.S.C. §§ 100 et seq. FlexStent denies that Abbott is entitled to the declaratory judgment it seeks. Except as expressly admitted, FlexStent denies each of the allegations contained in paragraph 2 of Abbott's counterclaims.

### Parties

3. Upon information and belief, FlexStent admits the allegations contained in paragraph 3 of Abbott's counterclaims.

4. Upon information and belief, FlexStent admits the allegations contained in paragraph 4 of Abbott's counterclaims.

5. FlexStent admits the allegations contained in paragraph 5 of Abbott's counterclaims.

### Jurisdiction and Venue

6. FlexStent admits the allegations contained in paragraph 7 of Abbott's counterclaims.

7. FlexStent admits the allegations contained in paragraph 7 of Abbott's counterclaims.

8. FlexStent admits that venue is proper in this District. FlexStent admits that it is a California Corporation, that it has a place of business in this District at 11801 Pierce St. Ste 200, Riverside, CA 92505 and that it resides in this district.

**Factual Background**

9. FlexStent denies each of the allegations in paragraphs 29 through 40 of Abbott's Answer, which paragraph 9 of Abbott's counterclaims purports to incorporate by reference. Except as expressly admitted, FlexStent denies each of the allegations of paragraph 9.

10. Upon information and belief, FlexStent admits that a prior owner of the '035 patent communicated with Abbott regarding the '035 patent. FlexStent admits that those communications included written communications in May 2015 as well as an in-person meeting. FlexStent lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 10, and denies them on that basis.

11. FlexStent admits the allegations contained in paragraph 11 of Abbott's counterclaims.

12. FlexStent admits the allegations contained in paragraph 12 of Abbott's counterclaims.

13. FlexStent denies the allegations contained in paragraph 13 of Abbott's counterclaims.

14. Upon information and belief, FlexStent admits the allegations contained in paragraph 14 of Abbott's counterclaims.

**First Counterclaim**

**Declaratory Judgment of Non-Infringement of the '035 patent**

15. FlexStent incorporates by reference its response to the allegations of paragraphs 1 through 14 of Abbott's counterclaims. Except as expressly admitted, FlexStent denies each of the allegations of paragraph 15.

16. FlexStent admits the allegations contained in paragraph 16 of Abbott's counterclaims.

17. Upon information and belief, FlexStent admits the allegations contained in paragraph 17 of Abbott's counterclaims.

18. FlexStent denies the allegations contained in paragraph 18 of Abbott's counterclaims.

**Second Counterclaim**

**Declaratory Judgment of Invalidity of the '035 patent**

19. FlexStent incorporates by reference its response to the allegations of paragraphs 1 through 14 of Abbott's counterclaims. Except as expressly admitted, FlexStent denies each of the allegations of paragraph 19.

20. FlexStent admits the allegations contained in paragraph 20 of Abbott's counterclaims.

21. Upon information and belief, FlexStent admits the allegations contained in paragraph 21 of Abbott's counterclaims.

22. FlexStent denies the allegations contained in paragraph 22 of Abbott's complaint.

23. FlexStent denies the allegations contained in paragraph 23 of Abbott's counterclaims.

**Prayer for Relief**

FlexStent denies that Abbott is entitled to the relief that it seeks as set forth in paragraphs A through G of its prayer for relief, or to any relief for the allegations made in its counterclaims.

Dated: April 16, 2019

Respectfully submitted,

By: *_/s/ Simon Franzini_*

Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Gregory S. Dovel (Cal. Bar No. 135387)
greg@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff FlexStent, LLC*