LATHAM & WATKINS LLP
Thomas W. Yeh (CA Bar No. 287118)
*thomas.yeh@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

Michael A. Morin (*pro hac vice*)
*michael.morin@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

S. Giri Pathmanaban (CA Bar No. 284802)
*giri.pathmanaban@lw.com*
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600
Fax: (650) 463-2600

Allison Harms (CA Bar No. 299214)
*allison.harms@lw.com*
Blake R. Davis (CA Bar No. 294360)
*blake.davis@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLEXSTENT, LLC<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, et al.<br><br>Defendants. | No. 5:18-cv-02479-RGK-KK<br><br>**Stipulated Protective Order** |

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to the above-captioned lawsuit (the "Action") have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order on Confidentiality (the "Protective Order").

This Protective Order shall govern disclosures, production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, testimony at hearings or trial, pleadings, exhibits, and other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), exchanged by the parties, produced by third parties, or filed with the Court in this Action (collectively, "Exchanged Information").

In support of this Order, the Court finds that:

## I. GOOD CAUSE STATEMENT

This Action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of the litigations between the parties is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The parties stipulate that disclosure of this information would cause competitive harm to the parties. For example, the parties believe that competitors will gain an unfair advantage if they learn the parties' Confidential Information, such as financial information, accounting information, customer lists, vendor lists, costs or profits structure, sales information, proprietary

product designs, product lines, business and marketing strategy or information about operations. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Confidential Information that a party seeks to file under seal. The parties' mere designation of Exchanged Information as Confidential Information does not—without

the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible. The parties agree to serve redacted versions of any documents filed under seal within 48 hours of the filing. The parties also agree to take reasonable measures to minimize redactions to documents filed under seal.

## II.    SCOPE

1.    The protections conferred by this Order cover not only Exchanged Information, but also (1) any information copied or extracted from Exchanged Information; (2) all copies, excerpts, summaries, or compilations of Exchanged Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Exchanged Information. However, the protections conferred

by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, including information that has become part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## III. DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION

2. Any party or non-party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Exchanged Information that contains non-public, sensitive trade secret, marketing, customer, financial, research, product-development, regulatory, manufacturing/distribution or other information protectable under Federal Rule of Civil Procedure 26(c)(1)(G) (collectively "Confidential Information"), as defined in paragraph 9 below.

3. Confidential Information of the disclosing party shall be used by receiving parties solely for purposes of this Action absent a court order.

4. Confidential Information shall be initially produced only to outside counsel of record representing the parties in this Action.

5. Outside counsel of record may disclose the respective categories of Confidential Information to the following persons for use in connection with this Action:

a. Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or CONFIDENTIAL:

i. other outside counsel who have been retained by the parties with

respect to this Action, including all attorneys, paralegals, law students, stenographic and clerical employees working under the supervision of such counsel, as well as court reporters, interpreters, translators, copy services, litigation support (including document imaging), and database/coding services retained by counsel;

ii. any expert or consultant, not an employee of a party, who is retained to assist in preparation of this Action, and clerical employees, assistants, researchers and technicians of, or under the supervision of, such experts, with disclosure only to the extent necessary to perform such work, and subject to a Prosecution Bar and/or Acquisition Bar as defined below;

iii. the Court, under seal as provided in this Protective Order;

iv. in-house attorneys identified in accordance with paragraph 6 below who are providing instruction and/or assistance to outside counsel with respect to this Action, and subject to a Prosecution Bar and/or Acquisition Bar as defined below, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for the litigation of this Action provided that any such person has agreed to be bound by the terms of this Order by signing the agreement attached hereto as Exhibit A;

v. court reporters present in their official capacity at a hearing, deposition, or other proceeding in this Action;

vi. professional jury or trial consultants and mock jurors who have signed the Declaration (Exhibit A), which does not need to be disclosed to the designating party unless the Court for good cause orders otherwise; and

vii.   graphics or design consultants retained to prepare demonstratives or other exhibits for use in this Action.

6.   The parties have agreed that the following in-house attorneys and attorney consultant(s) may have access to HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY or CONFIDENTIAL Information, as specifically noted below, in accordance with the provisions of this Protective Order:

a.   For Plaintiffs:

i.   Joon Yoon, General Counsel.

b.   For Defendants:

i.   David Mendelson, Divisional Vice President and Associate General Counsel, Litigation, Abbott Laboratories;

ii.   Jennifer Embry, Senior Counsel, Intellectual Property Litigation, Abbott Laboratories.

iii.   Rachel Bach, Counsel, Intellectual Property Litigation, Abbott Laboratories.

iv.   Gary Schneiderman, fmr. Division Counsel, Patent Litigation, Abbott Laboratories.

c.   The parties may seek to designate substitute in-house attorneys according to the provisions of this Protective Order.  Prior to disclosure of Confidential Information to such persons, the party seeking disclosure shall provide written notice to the producing party identifying the names of additional designees.  If the producing party objects to the disclosure of Confidential Information to such additional designees, the producing party shall object in writing, within five (5) business days of receipt of the written notice, and state the basis for its objection.  Within five (5) business days of the written objection, the parties shall meet and confer.  If the parties do not

reach resolution, the party seeking disclosure shall follow the procedures set forth by the Court for raising discovery disputes with the Court.

7. Prior to the disclosure of any Confidential Information to those persons described in paragraph 6, or to any outside counsel not of record in this Action, each of those persons must read this Protective Order and sign the Declaration (Exhibit A hereto). A copy of such signed Declaration must be retained by outside counsel of record for the party disclosing the Confidential Information under the terms of this Protective Order until the final termination of this Action (including any appeals).

8. Persons receiving Confidential Information are prohibited from disclosing it, or any information derived therefrom, to any person except in conformance with this Protective Order. The terms of this Protective Order do not apply to the Court and court personnel, who are subject only to the court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

## IV. DEFINITION OF CONFIDENTIAL INFORMATION

9. Criteria for Classification:

a. A party or non-party may designate Confidential Information as CONFIDENTIAL if the party or non-party reasonably believes that the information contains or discloses trade secrets or other non-public technical, personal, or commercial information, or contains or discloses information protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy;

b. A party or non-party may designate Confidential Information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if such information (i) satisfies the criteria for designation as

CONFIDENTIAL, under paragraph 9(a) above, (ii) is extremely sensitive Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, and (iii) discloses information relating to: a party or non-party's manufacturing, processing, and/or developing of any products or product-candidates (including, but not limited to, sensitive research materials, development materials and strategic plans), scientific research, customers, or pricing and sales information. Subject to the foregoing, such HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information may include without limitation: trade secrets; technical information; technical practices, methods, or other know-how; pending but unpublished patent applications; Board materials; pricing data; financial data; sales information; customer-confidential information; agreements or relationships with third parties; market projections or forecasts; strategic business plans, selling or marketing strategies; new product development; testing; manufacturing costs; or information regarding employees.

## V. EXPERTS

10. For any expert proposed to be designated pursuant to paragraph 5(a)(2), the party seeking to disclose Confidential Information to the expert first must provide to all attorneys of record for the other parties a written notice that: (1) attaches the expert's signed Declaration (Exhibit A hereto), (2) sets forth the full name of the proposed recipient and the city and state of his or her primary residence; (3) attaches a copy of the proposed recipient's current resume; (4) identifies the proposed recipient's current employer(s); and (5) identifies (by name and number of the case, filing date, and location of court, if known) any litigation in connection with which the expert has

offered expert testimony, including through a declaration, report, or testimony at a deposition or at trial during the preceding four years.[1]

11. Unless counsel for the party that produced the Confidential Information notifies the proposing attorney in writing of an objection to the proposed designee within five (5) business days of receipt of notification, such designee shall be deemed qualified to receive Confidential Information. In the event of an objection, the parties shall first informally try to resolve the objection in good faith within three (3) business days. If the objection cannot be resolved, the parties may request appropriate relief from the Court. The parties specifically reserve the right to object to the disclosure of Confidential Information to a proposed expert should the proposed expert be employed by the objecting party's competitor. The burden of proving that the designated person should not be designated is on the objecting party. Any motion challenging a party’s designation of material as Confidential Information or Privileged Material, seeking to compel Privileged Material, seeking relief in connection with disclosing information to expert witnesses, or seeking to modify or amend the proposed Protective Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

## VI. DESIGNATION OF CONFIDENTIAL INFORMATION

12. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party must designate for protection only those parts of material,

[1] If the proposed expert believes any of this information specified in paragraph 10 (5) is subject to a confidentiality obligation to a third party, then the proposed expert should provide whatever information the proposed expert believes can be disclosed without violating any confidentiality agreements. The party seeking to disclose to the proposed expert should notify the other party that information has been withheld and describe the nature of the withheld information, and the parties shall meet-and-confer regarding whether the expert should be qualified under this Protective Order notwithstanding the withholding of information. Any disputes should be resolved in accordance with the provisions of paragraph 11.

documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

13.    Parties shall designate Confidential Information as follows:

a.    In the case of information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), designation shall be made by placing prior to production the following legends on each page of such document (or each page that contains Confidential Information if that can be practically determined); CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  For pleadings and discovery responses, such marking need only appear on the first page of the document.  Any Confidential Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by a party by serving a written notification on the receiving party before or at the time of disclosure.

b.    To the extent that a party initially produces documents for inspection (i.e., prior to making copies), no marking need be made by the producing party in advance of the inspection.  For purposes of the inspection, all documents shall be treated as containing HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information.  After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents by placing prior to production the following legends on each page of such document that contains Confidential Information: CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

c. In the case of transcripts of depositions or other pretrial or trial proceedings, designation of the portion of the original and all copies of any transcript (including exhibits) which contains Confidential Information shall be made by a statement to such effect on the record in the course of the proceeding or upon review of such transcript by counsel for the party whose Confidential Information is discussed in the transcript. Such designation shall be provided to opposing counsel within five (5) business days after counsel's receipt of the final transcript of the proceeding. Unless otherwise agreed by the parties in writing or on the record at the proceeding, all transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY from the date of the proceeding until the end of such five (5) day period. Transcripts containing Confidential Information shall have an obvious legend with the appropriate designation on the title page and every subsequent page that the transcript contains Confidential Information. If only portions of a transcript are designated as Confidential Information, then the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential Information and the level of protection being asserted by the designating party. The designating party shall inform the court reporter of these requirements.

d. For information produced in some form other than documentary and for any other tangible items, designation shall be made by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

14.  A failure to designate qualified information or items, whether by inadvertence or otherwise, does not, standing alone, waive in whole or in part the designating party's right to secure protection under this Order for such material.  Upon subsequent correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with any revised designations under the provisions of this Order and promptly collect any copies of the material that have been provided to individuals other than those authorized under paragraph 5 of this Order.  The designating party may also request the individuals to execute the Declaration (Exhibit A).

15.  A party shall not be obligated to challenge the propriety of any Confidential Information designation at the time made, and failure to do so shall not preclude a subsequent challenge.  In the event that any party disagrees at any stage of the proceedings with a confidentiality designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to informally resolve such dispute in good faith.  If the dispute cannot be resolved within five (5) business days of the written notice, the party challenging the designation may request appropriate relief from the Court.  The burden of proving that information has been properly designated as Confidential Information is on the party making such designation.  Notwithstanding any dispute as to the confidentiality of information, such information shall nevertheless be treated in accordance with the designation that was proposed in accordance with the provisions of this Protective Order unless and until such designation is removed or amended by order of the Court or by written consent of the designating party.  Any motion challenging a party's

designation of material as Confidential Information or Privileged Material, seeking to compel Privileged Material, seeking relief in connection with disclosing information to expert witnesses, or seeking to modify or amend the proposed Protective Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

## VII.   PROSECUTION BAR

16.    Absent prior written consent, any outside counsel of record for Plaintiff, any expert for Plaintiff, or individual(s) identified in Paragraph 6(a) above, who receives and accesses Defendants' HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information that includes non-public technical information is precluded from performing, or providing (verbally or in tangible form, in whole or in part) such Confidential Information received under this Order to any person involved in performing, the following tasks: drafting, prosecuting, or supervising or providing advice regarding the drafting or prosecution, of any patent applications with the United States Patent and Trademark Office ("USPTO") or any similar proceedings in any other country, involving any patent application having claims or disclosures relating to coronary stents.  This preclusion is limited to proceedings involving patents and patent applications having an effective filing date before this Action, during this Action, or within two (2) years after the final termination of this Action.  For purposes of clarity: (1) "prosecution" does not include reexamination, reissue, interference proceedings, or equivalent proceedings (e.g., post-grant review, inter partes review, oppositions) and any similar proceedings in any other country, except that all persons who review Defendants' HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY INFORMATION that includes non-public technical information are prohibited from performing, or providing (verbally or in tangible form, in whole or in part) such Confidential Information received under this Order to any person involved in performing the following tasks: drafting, or supervising or providing advice regarding

drafting, new or amended claims in any such proceedings; (2) "supervising" refers to directing others how to draft and/or prosecute, or providing advice regarding the drafting or prosecution, of any patents and applications in the scope of the Prosecution Bar. This Prosecution Bar shall begin when "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that includes non-public technical information is first received and accessed by the affected individual and shall end two (2) years after the final termination of this Action, or at an earlier date agreed upon in writing by the parties. For the avoidance of doubt, this Prosecution Bar is not triggered by financial information relating to Defendants' coronary stents that is selected based on non-public technical information regarding Defendants' coronary stents, but does not itself disclose any such technical information.

## VIII. ACQUISITION BAR

17.     Absent written consent from the designating Party, any individual who receives and accesses Defendants' "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that includes non-public technical information shall not participate in: (i) the acquisition of patents or patent applications (for any person or entity) relating to coronary stents; or (ii) advising or counseling clients regarding the same. This Acquisition Bar shall not prohibit counsel from advising clients on other legal matters involving patents, including validity and settlement negotiations. This Acquisition Bar shall begin when "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information designated by Defendants that that includes non-public technical information is first received and accessed by the affected individual and shall end two (2) years after final disposition of this Action as provided herein, or at an earlier date agreed upon in writing by the parties. For the avoidance of doubt, this Acquisition Bar is not triggered by financial information relating to Defendants' coronary stents that is selected based on non-public technical information regarding Defendants' coronary stents, but does not itself disclose any such technical

information.

## IX.   INADVERTENT DISCLOSURES

18.   Inadvertent disclosures by the producing party of Confidential Information, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided that the producing party shall promptly upon discovery of the inadvertent disclosure notify the receiving party in writing that the information is Confidential Information and was inadvertently disclosed.   Such notification shall constitute a designation of the information as Confidential Information.   Upon such notification, counsel shall reasonably cooperate to restore the confidentiality of the Confidential Information to the extent possible. Upon subsequent correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with any revised designations under the provisions of this Order and promptly collect any copies of the material that have been provided to individuals other than those authorized under paragraph 5 of this Order.   The designating party may also request the individuals to execute the Declaration (Exhibit A).

19.   Should any Confidential Information be disclosed, through inadvertence or otherwise, by a receiving party to any person not duly authorized to receive such information under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Declaration (Exhibit A).

20.   The production of material protected by the attorney-client privilege or

the work product doctrine or any other applicable privilege ("Privileged Material"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding, provided that the producing party notifies the receiving party in writing promptly upon discovery of such information. Upon such notice by the producing party, the receiving party shall not review the Privileged Material in any respect. Within five (5) business days of receiving such notice, the receiving party shall return such information or documents or confirm in writing that it has taken reasonable steps to permanently delete all electronic copies of such documents from electronic records and to destroy all paper copies. If the receiving party has disclosed the information to others before being notified of the claim of privilege or protection, the receiving party must take reasonable steps to retrieve and return or destroy the disclosed information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned. The receiving party may move the Court for an order compelling production of such information (based on information independent of the content of the allegedly privileged materials in question), but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. The producing party must preserve any Privileged Material until all disputes regarding the discoverability of the document(s) have been resolved. If a claim is disputed, the receiving party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court. Any motion challenging a party's designation of material as Confidential Information or Privileged Material, seeking to compel Privileged Material, seeking relief in connection with disclosing information to expert witnesses, or seeking to modify or ament the proposed Protective Order must be brought in strict compliance with Local

Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

21. If a party becomes aware that it has received documents that it reasonably believes may be privileged, the party receiving the privileged documents will promptly notify the producing party of receipt of the documents and return or destroy all copies of the privileged documents, if the producing party so requests within five (5) business days after being advised of the inadvertent production.

22. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court. The receiving party may object to the producing party's designation of disclosed information as Privileged Material by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of the disclosed Privileged Material. Any such objection shall be resolved by the Court after an in camera review of the disclosed Privileged Material. Any motion challenging a party’s designation of material as Confidential Information or Privileged Material, seeking to compel Privileged Material, seeking relief in connection with disclosing information to expert witnesses, or seeking to –modify or amend the proposed Protective Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

## X. USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS AND FORMAL PROCEEDINGS

23. A Party that seeks to file under seal any Confidential Information must comply with C.D. Cal. Local Civil Rule 79-5. Confidential Information may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Confidential Information. If a Party's request to file Confidential Information under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the Court. The producing party agrees to

cooperate with the filing party, and to provide timely information requested by the filing party, to facilitate the preparation of the Application to File Under Seal required by C.D. Cal. Local Civil Rule 79-5.

24.     The protections afforded to Confidential Information at trial will be determined by the Court upon an application by any party.

25.     In the event that any Confidential Information is otherwise used in any Court proceeding in connection with this Action, the parties shall take all steps reasonably required to protect its confidentiality during such use.

26.     Any person who is not authorized under this Protective Order to have access to Confidential Information may be excluded while a deponent is being examined about such Confidential Information.

## XI.     MISCELLANEOUS

27.     The recipient of any Confidential Information agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

28.     The recipient of any Confidential Information that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care, but no less than a reasonable degree of care, with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

29.     By entering this Order and limiting the disclosure of certain information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY INFORMATION pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.  Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena or court order in another action.

30.     The restrictions provided for herein shall not terminate upon the conclusion of this Action but shall continue until further order of this Court, provided that this Protective Order shall not be construed to: (a) prevent any party or its counsel from making use of information that was lawfully in its possession prior to its disclosure by the producing party; (b) apply to information that appears in issued patents or printed publications or otherwise becomes publicly known without fault of any party; or (c) apply to information that any party or its counsel has, since disclosure by the producing party, lawfully obtained from a third party having the right to disclose such information.

31.     Nothing in this Protective Order shall preclude any party to this Action or their attorneys from: (a) showing a document designated as Confidential Information to an individual who either prepared or reviewed the document prior to the filing of this Action; or (b) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as Confidential Information.  Additionally, Confidential Information may be disclosed to a witness at a deposition or in court proceedings if: (a) the witness is an officer, director, or employee of the party that produced such Confidential Information; or (b) the witness is an expert.

32.     Nothing in this Protective Order shall bar or otherwise restrict any counsel from providing legal advice to his or her client solely with respect to this Action and, in the course thereof, relying upon his or her examination of Confidential Information, provided that, in providing such advice and in otherwise communicating

with his or her client, such person shall not make any disclosure of Confidential Information or information derived therefrom to any person not entitled to have access to it.

33.    Nothing in this Protective Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

34.    In the event that a party seeks discovery from a non-party to this Action, the non-party may invoke the terms of this Protective Order by advising all parties to this Action in writing.

     a.    The terms of this Order are applicable to information produced by a non-party in this Action and designated as Confidential Information. Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

     b.    Both parties shall be treated as a receiving party with respect to any information produced by a non-party in this Action.  To the extent that a party obtains information from a non-party via subpoena or otherwise, the party shall produce the information to the other party within 5 business days, unless the party can demonstrate good reason why it is not possible to do so.

     c.    In the event that a party is required, by a valid discovery request, to produce a non-party's Confidential Information in its possession (other than information produced in this litigation by a non-party), and the party is subject to an agreement with the non-party not to produce the non-party's Confidential Information, then the party shall:

i.    promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

ii.   promptly provide the non-party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

iii.  make the information requested available for inspection by the non-party.

d.    If the non-party fails to object or seek a protective order from the Court within fourteen (14) days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a Court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Confidential Information.

35.    Within thirty (30) days of the final termination of this Action (including any appeals), all Confidential Information, all documents describing or summarizing any Confidential Information, and all copies thereof (including without limitation electronic records of documents or information, document coding databases, and other database information), shall, at the election of the receiving party, be returned to the party that produced the same or destroyed. If a receiving party elects to destroy Confidential Information and all copies and summaries thereof, the party shall certify in writing that destruction has taken place within the thirty (30) day time period. Notwithstanding the foregoing, outside counsel may retain an archival copy of any

materials filed with the Court, correspondence, deposition transcripts, and/or attorney work product which contains Confidential Information. Such archival documents shall be retained and treated in accordance with this Protective Order.

36. This Protective Order is without prejudice to the right of any party to seek relief from the Court from any of its provisions, or to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of Confidential Information. Any motion challenging a party's designation of material as Confidential Information or Privileged Material, seeking to compel Privileged Material, seeking relief in connection with disclosing information to expert witnesses, or seeking to modify or amend the proposed Protective Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

37. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

38. This Protective Order may be amended as need may arise by written agreement of the parties, subject to Court approval.

Respectfully submitted,

Dated: August 16, 2019

DOVEL & LUNER, LLP

By: *<u>/s/ Simon Franzini</u>*

Gregory S. Dovel (Cal. Bar No. 135387)
greg@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069
*Attorneys for Plaintiff FlexStent, LLC*

Dated: August 16, 2019

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Giri Pathmanaban*

LATHAM & WATKINS LLP
Thomas W. Yeh (CA Bar No. 287118)
*thomas.yeh@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

Michael A. Morin (pro hac vice)
*michael.morin@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

S. Giri Pathmanaban (CA Bar No. 284802)
*giri.pathmanaban@lw.com*
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600
Fax: (650) 463-2600

Allison Harms (CA Bar No. 299214)
*allison.harms@lw.com*
Blake R. Davis (CA Bar No. 294360)
*blake.davis@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095

Attorneys for Defendants

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 16, 2019

______________________________
Hon. Kenly Kiya Kato
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| FLEXSTENT, LLC<br>Plaintiff,<br>v.<br>ABBOTT LABORATORIES, et al.<br>Defendants. | No. 5:18-cv-02479-RGK-KK |
|---|---|

**EXHIBIT A**
**UNDERTAKING REGARDING PROTECTIVE ORDER**

I, ________________________________________________, declare that:

1. My address is

________________________________________________________.

My current employer is

________________________________________________.

My current occupation is

_______________________________________________.

2. I have received a copy of the Protective Order in this Action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information designated as

“CONFIDENTIAL,” “HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY,” that is disclosed to me.

4. Promptly upon termination of this Action, I will return all documents and things designated as “CONFIDENTIAL,” or “HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,” that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature ___________________________________________________________

Date______________________________________________